■ Isabella Straub, Respondent, v Angela G. Tese, Appellant. [644 NYS2d 10]

Plaintiff obtained a $43,519.20 judgment against Rebecca Frey, who subsequently filed for bankruptcy. Defendant was appointed the trustee in bankruptcy. Prior thereto, Mrs. Frey had transferred an apartment house on Norman Avenue in Brooklyn to her daughters which property was subsequently foreclosed upon by the City for non-payment of taxes.

This action alleges that the trustee breached her fiduciary duties by (1) failing to exercise due diligence in the performance of her duties; (2) failing to take steps to redeem the Norman Avenue property; (3) seeking a settlement of the bankruptcy proceeding which placed her personal interest ahead of her fiduciary duties; (4) not seeking to set aside the transfer of

the Norman Avenue property for lack of consideration; and (5) delaying or refusing to seek a dismissal of the bankruptcy proceeding sooner.

Summary judgment should have been granted to defendant trustee inasmuch as it is undisputed and has clearly been established in both the bankruptcy proceeding and defendant's moving papers that the bankrupt estate did not have funds to pay the taxes due on the Norman Avenue property and that such property was not part of the bankrupt's estate in light of the fact that the City had taken title to the property prior to Mrs. Frey's filing for bankruptcy. Nor, as the Bankruptcy Court found, did the trustee have any funds to conduct litigation against the debtor or her daughters, or anyone else seeking recovery of the property. As a result, the trustee could not, as a matter of law, have set aside Mrs. Frey's transfer of the property to her daughters, nor could she compel agreement to proffered stipulations of settlement or compel the Freys to redeem the property from the City. Moreover, the affirmations of plaintiff's attorney which are essentially conclusory and unsubstantiated in nature are insufficient to defeat defendant's motion for summary judgment. Concur—Sullivan, J. P., Milonas, Kupferman and Ross, JJ.